UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
No.

NEIL LANGFORD,
    Plaintiff,
vs.

KINGFISHER BAIT COMPANY, LLC,
    *In Personam*,

and

F/V UGLY DUCK (O.N. 985630)
her engines, tackle, gear
and appurtenances, *In Rem*,
    Defendants.

## VERIFIED COMPLAINT IN ADMIRALTY AND PRAYER FOR *IN REM* ARREST

Now comes the Plaintiff, Neil Langford, by and through his undersigned Attorneys, Clinton & Muzyka, P.C., and proceeds against Defendant, Kingfisher Bait Company, LLC, *in personam*, and against the Defendant Fishing Vessel, UGLY DUCK (O.N. 985630), her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto *in rem*.

### JURISDICTION

1. This Honorable Court has subject matter jurisdiction based upon 28 U.S.C. §1333(1). This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the special relief provided in Rule C of the Supplemental

519546.1

Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure for the arrest, condemnation, and sale of the Defendant Fishing Vessel.

## PARTIES

2. Plaintiff, Neil Langford, is a resident of Williamstown, Australia. At all times relevant hereto, Plaintiff was owner of the S/V CRYSTAL BLUES (O.N. 855425) that hailed from Sydney, Australia.

3. Upon information and belief, Defendant, Kingfisher Bait Company, LLC, is a Massachusetts company with its principal place of business at 375 Main Street, Gloucester, Massachusetts 01930. At all times relevant hereto, Kingfisher Bait Company, LLC, was, and still is, the owner of the F/V UGLY DUCK (O.N. 985630).

4. Defendant Vessel, F/V UGLY DUCK (O.N. 985630), is a commercial fishing vessel of fiberglass construction, approximately 49 feet in length and having a 16-foot beam. Upon information and belief, the F/V UGLY DUCK, her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto is presently located on the hard at 375 Main Street, Gloucester, Massachusetts 01930 which is within this District and the jurisdiction of this Honorable Court.

## FACTS

5. The S/V CRYSTAL BLUES is a 50.5-foot sloop rigged sailing vessel, of steel construction, and with a home port of Sydney, Australia.

6. On the morning of August 30, 2018, the S/V CRYSTAL BLUES was at sea heading southbound en-route from Greenport, New York to Reedville, Virginia approximately one (1) mile off Point Pleasant, New Jersey,

519546.1

7. The S/V CRYSTAL BLUES was navigated by Neil Langford, her Master, who was maintaining a sharp lookout.

8. At approximately 1010 hours on August 30, 2018, the F/V UGLY DUCK was observed well off the S/V CRYSTAL BLUES' port bow on a westerly and intersecting course.

9. Capt. Neil Langford aboard the S/V CRYSTAL BLUES attempted to attract the attention of the F/V UGLY DUCK without success and it became clear to him no one was conning or in the wheelhouse of the F/V UGLY DUCK.

10. As the two (2) vessels thereafter continued to approach each other and the distance between them reduced, risk of collision developed.

11. Pursuant to the Rules of the Road, the S/V CRYSTAL BLUES was the privileged vessel and the F/V UGLY DUCK was the burdened vessel.

12. As it was apparent that the F/V UGLY DUCK had ample time to take whatever measures were necessary to keep out of the way of the S/V CRYSTAL BLUES, and avoid crossing ahead of her, the S/V CRYSTAL BLUES initially maintained her course and speed.

13. As the distance between the two (2) vessels continued to reduce, the F/V UGLY DUCK finally realized the developing risk of collision situation and altered her course in an attempt to avoid the S/V CRYSTAL BLUES but was unsuccessful.

14. The collision occurred at approximately 1016 hours when the F/V UGLY DUCK's bow rammed into the port side of the S/V CRYSTAL BLUES forward of her beam.

15. As a result of the collision, the S/V CRYSTAL BLUES suffered heavy and disabling damage.

16. At all relevant times, weather conditions were clear with excellent visibility. Weather was not a causative factor in the collision.

17. The aforesaid collision and damage was not caused, or contributed to, by any fault or neglect on the part of the S/V CRYSTAL BLUES, but on the contrary, was caused wholly by, and due solely to the fault, neglect, and want of care on the part of the Defendants and those in charge of the F/V UGLY DUCK in the following respects among other, which will be more fully shown at the trial of this cause:

    a. She was not in the charge of competent persons.

    b. She failed to keep a lookout.

    c. She was proceeding at an unsafe and immoderate rate of speed under the circumstances.

    d. She failed to keep out of the way of S/V CRYSTAL BLUES by stopping or altering and keeping her course to starboard so as to avoid the S/V CRYSTAL BLUES as she was required to do under the provisions of the Rules of the Road.

    e. She suddenly and without warning or communication of any kind, altered course several times as the space between vessels closed.

    f. She failed to slow, stop and reverse her engines when danger of collision was, or should have been, apparent.

    g. She did not do anything to avoid the collision.

18. As a consequence of the aforesaid collision, the S/V CRYSTAL BLUES has suffered loss and damage consisting of temporary repairs to her hull, various expenses incurred to minimize its loss, all resulting in the Vessel's constructive total loss in the amount of $250,000.00, plus additional related and recoverable costs and expenses to Plaintiff in the amount of approximately $9,300.00 as best can be calculated at the present time. Plaintiff reserves its right to amend its claim for damages, both as to quantum and type, based upon the evidence adduced at trial. Although demand has been made to the Defendants, no part of which has been paid.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

1. Issue process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against Defendant Vessel, F/V UGLY DUCK, her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto;

2. Cite all persons having or claiming to have any interest therein to Appear and Answer this Verified Complaint;

3. Enter Judgment in favor of Plaintiff for the full amount of damages caused, as will be more fully shown at trial, with interest, costs, and reasonable attorneys' fees, and order Defendant Vessel, F/V UGLY DUCK, condemned and sold to pay its debts;

4. Enter Judgment against Defendant, Kingfisher Bait Company, LLC, for the full amount of damages caused, as will be more fully shown at trial, and as aforesaid, including any outstanding deficiency which may accrue pursuant to the public sale of said Vessel, together with interest, costs, and reasonable attorneys' fees; and

5. Grant Plaintiff such other and further relief as this Honorable Court and justice may deem just and appropriate under the circumstances.

Dated: February 5, 2020

                      Neil Langford,
                      By his attorneys,
                      **CLINTON & MUZYKA, P.C.**

                      "/s/Thomas J. Muzyka"
                      **Thomas J. Muzyka**
                      **BBO No. 365540**
                      **John J. Bromley**
                      **BBO No. 672134**
                      88 Black Falcon Avenue, Suite 200
                      Boston, MA 02210
                      (617) 723-9165
                      F: (617) 720-3489
                      tmuzyka@clinmuzyka.com
                      jbromley@clinmuzyka.com

519546.1

## VERIFICATION
## Pursuant to 28 U.S.C. §1746(1)

I, Neil Langford, verify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2020

Neil Langford